```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION
```

MICHAEL LANDRUM,

    Petitioner,

vs.                            CIVIL ACTION 11-0227-CG-M

GARY HETZEL,

    Respondent.

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred, that all claims raised herein are procedurally defaulted, and that judgment be entered in favor of Respondent Gary Hetzel and against Petitioner Michael Landrum pursuant to 28 U.S.C. § 2244(d). It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

Petitioner was convicted of four counts of capital murder in the Marengo County Circuit Court on March 5, 2005 for which he received four sentences of life, without the possibility of parole, in the state penitentiary (Doc. 1; *cf.* Doc. 14, Exhibit 4, p. 66). On appeal, the Alabama Court of Criminal Appeals affirmed the conviction and denied an application for rehearing (Doc. 1, p. 3; Doc. 14, Exhibits 29, 31). Landrum's petition for *certiorari* was denied by the Alabama Supreme Court on July 14, 2006 (Doc. 14, Exhibit 33); on that same date, the certificate of final judgment was entered by the Alabama Court of Criminal Appeals (Doc. 14, Exhibit 34).

Petitioner filed a Rule 32 petition on July 13, 2007 (Doc. 14, Exhibit 36, pp. 4-69). Following an evidentiary hearing, the petition was denied (Doc. 14, Exhibit 36, pp. 126-27), a decision affirmed by the Alabama Court of Criminal Appeals (Doc. 14, Exhibit 39). Landrum did not seek rehearing or *certiorari* and, on May 5, 2010, the Alabama Court of Criminal Appeals entered a certificate of judgment on the Rule 32 petition (Doc. 14, Exhibit 40; *see also* Doc. 14, p. 6).

Petitioner filed a complaint with this Court on April 28, 2011 raising the following claims: (1) ten different particular claims of his attorney rendering ineffective assistance; and (2)

the State Courts improperly denied his actual innocence claim (Doc. 1, pp. 7-9, 14-15).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 14, pp. 8-10). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on July 14, 2006, the day on which the Alabama Court of Criminal Appeals entered the certificate of judgment (Doc. 14, Exhibit 34). However, because Landrum had ninety days in which to seek direct review of his conviction in the United States Supreme Court, those ninety days

do not count against him—whether he actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  This means that Petitioner had until October 12, 2006 to seek review in the United States Supreme Court; when he did not, the AEDPA clock began to run the next day, October 13, 2006.  Landrum had until October 12, 2007 to file this petition.

Petitioner's habeas corpus petition was not filed in this Court until April 28, 2011, more than three years after the one-year limitation period had expired (*see* Doc. 1).  However, Landrum had filed a Rule 32 petition in state court on July 13, 2007 which is before the period had expired.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Nevertheless, 273 days of the one-year AEDPA clock had expired by the time the Rule 32 petition was filed.  The state did not finish with Landrum's petition until May 5, 2010 when the certificate of judgment was entered (Doc. 14, Exhibit 40). The next day, the clock began to run again and ran for 358 days

4

until April 28, 2011, when this action was filed.  When 273 and 358 days are totaled, the result is 631 days.  In other words, Landrum took 266 more days than the AEDPA limitations period allows to file this action.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d).  Landrum's explanation for his tardiness is to lay the blame on his attorney (Doc. 1, p. 12).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

The Court notes that Respondent has also claimed that Petitioner's claims are procedurally defaulted as he did not seek review of his claims throughout the state courts (Doc. 14, pp. 10-13).  Specifically, Landrum did not seek rehearing of his appeal by the Alabama Court of Criminal Appeals or *certiorari* in the Alabama Supreme Court (*see* Doc. 14, p. 6).  Petitioner states that all claims raised in this action were raised in his Rule 32 petition (Doc. 1, pp. 7-9, 14-15).

It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar

5

consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983). However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so that they never had the opportunity to address the claim.

Alabama law clearly provided Petitioner the opportunity to seek review of a Rule 32 petition dismissal in a rehearing by the Alabama Court of Criminal Appeals. Ala.R.App.P. 40(a). The fourteen-day time period in which Landrum could have pursued rehearing has now passed. Ala.R.App.P. 40(c). Furthermore, Alabama law allowed Petitioner to seek *certiorari* in the Alabama Supreme Court for the review of the denial of rehearing by the Alabama Court of Criminal Appeals. Ala.R.App.P. 39(a); *see also, e.g., Ex parte Powell*, 674 So.2d 1258 (Ala. 1995) (Alabama Supreme Court granted *certiorari* to review Alabama Court of Criminal Appeals's determination that appellant's Rule 32 petition was untimely filed). The fourteen-day time period in

6

which Petitioner could pursue this avenue of relief has also passed. *See* Ala.R.App.P. 39(c). Because Petitioner did not pursue his claims in a timely fashion before the two Alabama appellate courts, they are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). The record supports Respondent's assertions: these claims are procedurally defaulted.

However, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can

7

also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Petitioner's only explanation for his failure to properly pursue his claims in the state courts was, again, the ineffectiveness of his attorney (Doc. 25, pp. 2-8). The Court notes that there is no constitutional right to counsel on collateral review of a conviction, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), so there is no right to effective assistance of counsel on collateral review, *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), and such ineffective assistance does not excuse procedural default. *Toles v. Jones*, 888 F.2d 95, 99-100 (11th Cir. 1989), *cert. denied*, 506 U.S. 834 (1992); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Therefore, the Court finds that Petitioner has demonstrated neither cause nor prejudice for failing to raise these two claims in a timely manner in the State courts. Furthermore, Landrum has not shown that this Court's failure to discuss the merit of these claims will result in a fundamental miscarriage of justice[1] being

---

[1] The Court specifically notes that although Landrum has argued that he is legally innocent, he has not argued that he is actually innocent (*see* Doc. 25, p. 9).

visited upon him.  Therefore, the Court considers all of the claims in this Court to be procedurally defaulted and the Court will not address their merit.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred.  It is also recommended that all claims raised herein are procedurally defaulted and, as a result, should be dismissed.  It is further recommended that judgment be entered in favor of Respondent Gary Hetzel and against Petitioner Michael Landrum pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, a habeas petition is being denied

9

on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Landrum is time-barred under AEDPA in bringing this action, and all claims are procedurally defaulted under *O'Sullivan*, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Landrum should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be

allowed to proceed further.").

## **CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied as time-barred under AEDPA and because all of the claims are procedurally defaulted under *O'Sullivan*. It is further recommended that judgment be entered in favor of Respondent Gary Hetzel and against Petitioner Michael Landrum pursuant to 28 U.S.C. § 2244(d). Finally, it is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a

matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 31st day of October, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE